| PATRICIA RIVET MURRAY, Judge.
The plaintiff, Larry Thompson, appeals the dismissal of his suit by the workers’ compensation court. For the reasons that follow, we affirm.
Mr.Thompson, was working for defendant, Macy’s East South, Inc., on December 30, 1998 when he had a work-related accident: a rolling clothes rack struck him on the head and shoulder while he was changing a light bulb. Mr. Thompson reported the injury to his supervisor and sought treatment at Tulane University Hospital Emergency Room. Steri-strips were placed on a small laceration above his left eye. Later, complaining of injury to his left arm, head and both eyes, Mr. Thompson sought treatment from Dr. D’Souza (a neurologist) and Drs. Friedlan-der and Kastl (ophthalmologists). Macy’s paid workers’ compensation benefits to Mr. Thompson for approximately five months, from the date of the injury until May 16, 1999. After Macy’s terminated his benefits, Mr. Thompson filed the instant suit to recover additional benefits, claiming that he was still suffering from the injuries he sustained in the accident. Mr. Thompson contended he was having vision problems, including the loss of the ability to focus, and might be developing glaucoma, all of which he believed were related to the accident.
|2After a trial on the merits, the workers’ compensation judge held that the plaintiff had failed to meet his burden of *435 proving that his eye problems were related to the December 30, 1998 accident. Mr. Thompson has filed a pro se appeal alleging four assignments of error.
In the first assignment of error, Mr. Thompson complains of disagreements he and his counsel allegedly had at the “first hearing” and attempts by his counsel to settle the case against Mr. Thompson’s wishes. The appellate record does not contain a transcript of the hearing in question. However, the record does indicate that the trial of this matter had been continued twice. There is nothing to indicate that the trial court abused his discretion by refusing to allow further time for discovery. Plaintiffs counsel withdrew from the case after the first continuance was granted, and Mr. Thompson represented himself when trial was eventually conducted; therefore, disagreements between him and his counsel were not a factor in the trial. As the record is devoid of any evidence supporting plaintiffs contentions, we reject this assignment of error.
In his second assignment, Mr. Thompson argues that the trial court erred by not requiring Drs. D’Souza, Kastl and Friedlander to testify at trial. In his third assignment, with regard to Dr. D’Souza alone, Mr. Thompson contends that the doctor should have been required to appear at trial because plaintiff did not have the opportunity to cross-examine him at his deposition. However, the depositions of all three physicians were introduced into evidence at trial without objection. Further, Dr. Kastl’s and Dr. Friedlander’s depositions were specifically taken for perpetuation and use at trial in lieu of their presence at trial. Mr. Thompson was present at those depositions and had the opportunity to cross-examine each witness. As for Dr. D’Souza, at the beginning of his deposition, a stipulation ^reveals that the plaintiffs counsel waived his presence. Further, the appellate record is devoid of any subpoena directed to Dr. D’Souza requiring his presence at trial. We therefore conclude that the trial court did not err by failing to require these witnesses to appear at trial.
Finally, Mr. Thompson argues that the trial court erred by dismissing his claim for additional benefits without having allowed him more time to find a physician who would authorize further testing concerning his eye problems. Drs. Fried-lander and Kastl, both board-certified ophthalmologists who treated plaintiff for his eye problems, testified that Mr. Thompson had no injury to his eyes from the accident at Macy’s. Both physicians opined that the plaintiff suffers from a genetic macular disease, which is the cause of his complaints. Furthermore, they confirmed that the laceration above Mr. Thompson’s eye was healed by April 8, 1999 and did not cause his current vision problems. In addition, Dr. D’Souza, a board certified neurologist who treated the plaintiff after the accident, testified that an exam of Mr. Thompson’s left shoulder and arm was normal on April 12, 1999. All three expert witnesses, who were plaintiffs treating physicians, therefore concurred that Mr. Thompson was fully recovered from the injuries he sustained in the accident by April of 1999. Drs. Friedlan-der and Kastl also concurred in the opinion that plaintiffs continuing eye problems were not caused by the accident.
| Considering this evidence, the workers’ compensation judge did not err by concluding that the plaintiff had failed to meet his burden of proof on the issue of causation.
Accordingly, the judgment of the workers’ compensation court is affirmed.
AFFIRMED.